IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN JOSEPH STOLTIE,

    Plaintiff,                             No. CIV S-08-2584 GEB DAD P

    vs.

JANETTA GERINGSON, et al.,

    Defendants.                  FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On December 10, 2009, defendant Lipon moved to dismiss this action, arguing that plaintiff had failed to exhaust available administrative remedies prior to filing this suit and that plaintiff's complaint fails to state a cognizable claim for relief. Plaintiff has filed an opposition to the motion, and defendant has filed a reply.

**BACKGROUND**

        Plaintiff is proceeding on his original complaint against defendants Ziga, Lipon, and Geringson.[1] Therein, he alleges that he has an extensive history of self-injurious behavior

---

[1] Defendant Lipon is represented by Williams & Associates. Defendant Ziga is represented by Moreno & Rivera and has also filed a motion to dismiss which the court will address in separate findings and recommendations. Defendant Geringson is also represented by Williams & Associates and has filed an answer to plaintiff's complaint.
1

1  and has serious mental health needs.  He further alleges that he was referred to a higher level of
2  care for close observation and intense therapy but while awaiting his custody clearance he
3  became extremely agitated and presented a "behavioral problem."  According to plaintiff, on
4  February 19, 2008, at his Interdisciplinary Treatment Team meeting, defendant Geringson asked
5  plaintiff to take a higher dose of his Geodon medication and informed plaintiff that if he refused
6  she would seek a court order requiring him to accept the higher dose, which in turn would delay
7  his referral to a higher level of care.  Defendants Ziga and Lipon were also present at the meeting
8  as part of plaintiff's "treatment team."  Plaintiff refused to take the higher dose of medication and
9  explained that the medication made him feel disgusting and filthy.  Plaintiff also expressed his
10 desire to let the courts decide the matter.  (Compl. at 5, Attach. at 2 & Ex. 3.)

    The following day, plaintiff alleges that defendant Geringson told him not to
12 worry about the medication increase and that she would discharge him to wherever he wanted to
13 go, which led plaintiff to believe that he would eventually be transferred to a higher level of care.
14 However, on or about February 21, 2009, plaintiff was instead transferred to the administrative
15 segregation enhanced outpatient program unit.  In plaintiff's view, defendants Ziga, Lipon, and
16 Geringson agreed to discharge him to this lower level of care knowing the dangers it would pose
17 him.  Plaintiff informed Dr. Gross, his psychologist, of his new housing unit, and she quickly
18 referred plaintiff back to a higher level of care because she believed the enhanced outpatient
19 program did not provide plaintiff with the level of care that he needed.  However, despite Dr.
20 Gross' efforts, plaintiff obtained an instrument and cut himself.  He received treatment and
21 approximately three sutures.  Plaintiff was then placed in a crisis unit cell with a razor blade in
22 plain sight on the floor.  Plaintiff used the razor blade to inflict additional lacerations on himself.
23 He was then treated again and transferred to the acute care unit.  (Compl. Attach. at 2-2b.)

    Plaintiff claims that the defendants have been deliberately indifferent to his
25 serious mental health needs in violation of the Eighth Amendment.  In terms of relief, plaintiff
26 requests monetary damages.  (Compl. at 5, Attach. at 2a.)

**DEFENDANT'S MOTION TO DISMISS**

I. <u>Defendant's Motion</u>

Counsel for defendant Lipon argues that plaintiff failed to exhaust his available administrative remedies prior to filing this suit. Specifically, counsel argues that plaintiff filed an inmate appeal regarding the decision to transfer him to a lower level of care, but he did not mention defendant Lipon by name or in connection with any of the allegations of the appeal. In this regard, counsel contends that plaintiff failed to provide enough information in his appeal to allow prison officials to take appropriate responsive measures. (Def.'s Mot. to Dismiss at 4-6.)

Counsel for defendant Lipon also argues that the court should dismiss this action because plaintiff's complaint fails to state a cognizable claim for relief. Specifically, counsel argues that plaintiff merely alleges that defendant Lipon was present at a meeting where defendant Geringson recommended an increase in plaintiff's medication. In this regard, counsel contends that plaintiff has failed to allege any facts showing that defendant Lipon disregarded an excessive risk to plaintiff's health, failed to properly respond to plaintiff's medical needs, or was the proximate cause of plaintiff's alleged injuries. (Def.'s Mot. to Dismiss at 6-10.)

II. <u>Plaintiff's Opposition</u>

In opposition to the pending motion to dismiss, plaintiff argues that he exhausted his administrative remedies when he filed an inmate appeal regarding the defendants' decision to discharge him to a lower level of care and pursued that appeal through the highest level of review. He contends that he does not need to identify all of the individuals responsible for the decision in his grievance, just the nature of the wrong for which he sought redress. Plaintiff also argues that he has stated a cognizable claim against defendant Lipon. Plaintiff maintains that defendant Lipon acted with deliberate indifference to his serious mental health needs when Lipon agreed to allow plaintiff to be discharged to a lower level of care knowing plaintiff's history of cutting himself. In this regard, plaintiff contends that defendant Lipon was a direct participant in denying plaintiff necessary mental health care. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1-3.)

III. Defendant's Reply

In reply, counsel for defendant Lipon argues that plaintiff's late-filed opposition should be deemed a waiver of opposition to the motion. In addition, counsel reiterates that plaintiff failed to exhaust his administrative remedies because he did not allege in his inmate appeal that defendant Lipon was involved in the decision to transfer him to a lower level of care. Counsel also reiterates that plaintiff's complaint fails to state a cognizable claim because he only alleges that the defendant Lipon was present at a meeting where defendant Geringson recommended an increase in plaintiff's medication. In this regard, counsel contends that plaintiff's allegations do not suggest in any way that defendant Lipon was deliberately indifferent to his medical needs. (Def.'s Reply at 2-5.)

**ANALYSIS**

I. Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

In California, prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) & 3084.5(e)(2). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. See Jones v. Bock, 549 U.S.199, 216 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendants bear the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record."[2] Id. at 1120 n.14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

---

[2] Plaintiff was notified of the requirements for opposing a motion to dismiss brought pursuant to non-enumerated Rule 12(b) on August 12, 2009. (Order filed Aug. 12, 2009 at 3-4.)

5

II. <u>Discussion</u>

The court finds that plaintiff exhausted his inadequate mental health care claims against defendant Lipon prior to filing this suit. Contrary to defense counsel's argument, plaintiff was not required to identify defendant Lipon by name to satisfy the exhaustion requirement. See Jones, 549 U.S. at 219 ("exhaustion is not <u>per se</u> inadequate simply because an individual later sued was not named in the grievances."). In addition, plaintiff was not required to allege every fact necessary to state or prove a legal claim against defendant Lipon in his inmate appeal. As the Ninth Circuit Court of Appeals has explained:

> A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.

<u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1120 (9th Cir. 2009). <u>See</u> also Jones, 549 U.S. at 219 (citing <u>Johnson v. Johnson</u>, 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance process is not a summons and complaint that initiates adversarial litigation.")).

"The level of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures." <u>Morton v. Hall</u>, __ F.3d __, __ 2010 WL 843879 at *3 (9th Cir. Mar. 12, 2010). In California, prisoners are required to file an inmate appeal on CDC Form 602 and to "describe the problem and the action requested." <u>Id.</u>; Cal. Code Regs. tit. 15, § 3084.2(a). Here, plaintiff's inmate appeal included sufficient detail to put prison officials on notice of his claim that the defendants provided him with inadequate mental health care when they discharged him to a lower level of care after he refused to accept an increase in his medication. In fact, prison officials acknowledged plaintiff's claim in their response to his inmate appeal:

> It is appellant's position that the Interdisciplinary Treatment Team (IDTT) inappropriately discharged him from the inpatient mental health care program to the CDCR-operated Administrative Segregation Unit at California Medical Facility (CMF) on February 20, 2008. The previous referral to Salinas Valley Psychiatric Program (SVPP) was inappropriately withdrawn because he refused to accept an increase in his Geodon medication.

(Compl. Ex. 3.)

Prison officials also addressed the nature of plaintiff's claim in their decision:

> The appellant's program placement is determined by a classification committee while in CDCR jurisdiction, and by the mental health IDTT when in the jurisdiction of the DMH. Both bodies are comprised of experienced and professional staff in their respective fields. The appellant's disagreement with the decisions are understandable; however, the respective bodies have authority to decide the appellant's program and placement based on consideration of multiple factors, including the appellant's desires.

(Compl. Ex. 3.) Because prison officials acknowledged and addressed plaintiff's claim in responding to the administrative grievance, defendant Lipon cannot now claim that prison officials did not have sufficient notice of the claim.

As noted above, the defendant has the burden to raise and prove the affirmative defense of failure to exhaust administrative remedies. See Jones, 549 U.S. 216; Wyatt, 315 F.3d at 1117-19. Defendant Lipon has not carried the burden in this instance. Accordingly, defendant Lipon's motion to dismiss for failure to exhaust administrative remedies should be denied.

III. Legal Standards Applicable to a Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic

1  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to
2  raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S.
3  544, 555 (2007).
4        In determining whether a pleading states a claim, the court accepts as true all
5  material allegations in the complaint and construes those allegations, as well as the reasonable
6  inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v.
7  King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S.
8  738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a
9  motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen,
10 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations,
11 unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643
12 F.2d 618, 624 (9th Cir. 1981).
13       In general, pro se pleadings are held to a less stringent standard than those drafted
14 by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe
15 such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).
16 However, the court's liberal interpretation of a pro se complaint may not supply essential
17 elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
18 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).
19 IV.  Discussion
20       The Eighth Amendment prohibits the infliction of "cruel and unusual
21 punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain"
22 constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley
23 v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977);
24 Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel
25 and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good
26 faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."

Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). To prevail on an Eighth Amendment claim the plaintiff must show that objectively he suffered a "sufficiently serious" deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The plaintiff must also show that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Farmer, 511 U.S. at 834.

It is well established that "deliberate indifference to serious medical needs of prisoners constitutes 'unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 104; McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

The "deliberate indifference" standard also applies in cases involving a prisoner's mental health care. See Conn v. City of Reno, 591 F.3d 1081, 1094 (9th Cir. 2010); Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). To establish that treatment of a mental health condition fell below constitutional standards, "a prisoner must show deliberate indifference to a 'serious' medical need." Doty, 37 F.3d at 546 (quoting McGuckin, 974 F.2d at 1059). A medical need is "serious if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Doty, 37 F.3d at

1   546 (quoting McGuckin, 974 F.2d at 1059).

2          Defense counsel's argument that plaintiff's complaint fails to state a cognizable
3   claim for relief is unpersuasive.  As defense counsel is aware, the court is required to screen
4   complaints brought by prisoners seeking relief against a governmental entity or an officer or
5   employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a
6   complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or
7   malicious," that fail to state a claim upon which relief may be granted, or that seek monetary
8   relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

9          On July 15, 2009, the court screened plaintiff's complaint and found that it
10  appeared to state cognizable claims against defendants Lipon, Ziga, and Geringson.  In screening
11  plaintiff's complaint and ordering service of the complaint on the defendants, the court
12  determined that plaintiff's complaint complied with Rule 8(a)(2) of the Federal Rules of Civil
13  Procedure.  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the
14  pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is
15  and the grounds upon which it rests.'"  Bell Atlantic Corp., 550 U.S. at 555.  The court also
16  determined that there was a sufficient link or connection between the defendants' alleged actions
17  and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d
18  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19         Specifically, plaintiff alleges in his complaint that defendants Lipon, Ziga, and
20  Geringson were part of his "treatment team" and decided to discharge him to a lower level of
21  mental health care because he refused to accept an increase in his medication.  According to the
22  complaint, the defendants made their decision despite plaintiff's extensive history of self-
23  injurious behavior. (Compl. Attach. at 2–2b.)  Plaintiff has also attached to his complaint copies
24  of his inmate appeals and prison officials' responses thereto that clarify his claims against the
25  defendants.  As noted above, prison officials both acknowledged and addressed plaintiff's claims
26  in their response to his inmate appeal. (Compl. Ex. 3.)  The court may properly consider these

attachments as part of the complaint. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials - documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the motion to dismiss into a motion for summary judgment."); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (district court should consider attachments to a complaint to be part of the complaint in deciding a motion to dismiss for failure to state a claim).

As noted above, pro se pleadings are held to a less stringent standard than those drafted by lawyers, and the court is required to construe such pleadings liberally. Liberally construed, plaintiff's complaint states a cognizable claim for relief under the Eighth Amendment against defendant Lipon. See Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.") (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Accordingly, defendant Lipon's motion to dismiss for failure to state a cognizable claim for relief should be denied.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Lipon's December 10, 2009 motion to dismiss (Doc. No. 40) be denied; and

2. Defendant Lipon be directed to file an answer within thirty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 8, 2010.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
stol2584.57Lipon